**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA

*Movant,*

v.

UNITED STATES HISPANIC CHAMBER
OF COMMERCE FOUNDATION,

*Non-Movant.*

Civil Action No. 1:08mc00076(HHK)

United States Patent and Trademark Office

Trademark Trial and Appeal Board

Opposition No.:  91/156,321

Serial No.: 78/081,731

**MOVANT'S REPLY IN SUPPORT OF ITS
MOTION TO QUASH TRIAL TESTIMONY SUBPOENA DUCES TECUM**

Non-Movant surprisingly contends that neither this Court nor Movant has the legal

authority to quash a discovery subpoena that demands discovery from third parties—a demand

that Non-Movant has made on the third parties under threat of sanctions from *this Court*—even

when the discovery period in the action that provides the basis for the issuance of the subpoena

in the first place has already closed.  Tellingly, however, such a notion was already expressly

<u>rejected</u> by the Southern District of New York when adjudicating this same issue between the

same parties (and involving the same subpoenas in substance) only a few weeks ago.

Specifically, the U.S. District Court for the Southern District of New York, over the same

arguments Non-Movant makes here, quashed those portions of the five subpoenas before it that

sought document production, holding that Non-Movant (under the guise of a "trial" subpoena)

was clearly seeking improper third-party discovery long after the discovery period had closed.

*See Supplemental Declaration of Erik Kane* ("Supp. Kane Decl.") at ¶2 (*The Chamber of

Commerce of the United States of America v. United States Hispanic Chamber of Commerce*

*Foundation*, *Order*, Misc. No. M-8-85 (S.D.N.Y. Feb. 21, 2008), pp. 2-3 ("*Order*")). Undeterred, though, Non-Movant hopes to convince this Court to see things differently, even though the subpoenas this Court has been called on to review are *identical* in substance to those before the court in New York, and even though the subpoenas issued here (like those in New York) seek the production of document product well *before* the date of the so-called "trial deposition"—which the New York court regarded as "a clear indication of intent" to seek discovery. *See id.*

Further, the district court in New York rightly concluded that when a party (such as Non-Movant) issues a subpoena from a federal court, that court always retains both the actual and the inherent authority to prevent abuse of the subpoena system. This includes the power to prevent a party from intimidating third parties into turning over discovery documents (under the theater of court sanction) when the action supposedly underlying the subpoena *does not permit* the taking of further discovery. Indeed, to adopt a contrary notion would permit litigants to make an end run around the discovery schedule set in any proceeding—whether that be another district court action or, as here, an administrative proceeding—and dissuade them from doing what is proper (and which was not done here), namely seeking leave of the tribunal before which the action is pending to extend or (as would have been the case here) reopen discovery proceedings.

Non-Movant's suggestion that this Court should permit it to use the threat of sanction from this Court to obtain discovery for use in a proceeding where discovery closed *eighteen months ago* should be refused, and those portions of the subpoenas seeking document production should be quashed. There is no question that Non-Movant is seeking discovery, or that this Court has the authority to control the issuance and enforcements of subpoenas that purport to issue from under its auspices. Further, Non-Movant fails to cite any case to support the notion

that a facially defective third-party subpoena (such as one that seeks discovery even though discovery in the referenced action has already closed) cannot be challenged by either those who would be impacted by it—such as Movant, given that permitting new discovery would impact the trial proceedings—or by this Court. Instead, Non-Movant would like this Court to adopt the rule that unless the third party subpoena recipient is able to determine on its own (such as by reviewing previous scheduling orders entered on the docket in an administrative proceeding) that the issuance of the subpoena was invalid, this Court and all other interested parties must turn a blind eye and knowingly allow Non-Movant to use the threat of court sanction to compel third party compliance even though it lacked the right to obtain discovery. Such a rule should not be adopted, and this Court should quash the improper subpoenas *duces tecum*.

I.     **This Court Has Jurisdiction Over a
       Subpoena Issued Under Its Auspices**

There is no question that this Court has jurisdiction to determine the validity of subpoenas that relates to an administrative proceedings pending before the U.S. Trademark Office. 35 U.S.C. §24. In fact, this is precisely the issue that the District Court in New York adjudicated in its Feb. 21st *Order*, from which decision Non-Movant has not appealed.[1]

---

[1]     Non-Movant incorrectly argues that Movant brought this motion in bad faith and as a result it had to move the TTAB to extend its testimony period. In fact, the SDNY has already upheld this identical motion. In addition, Non-Movant's need to extend the testimony period resulted from Non-Movant waiting until three weeks before the close of its testimony period (which has been open for seven months) to subpoena 10 third parties. Unsurprisingly, several of the third parties had scheduling conflicts preventing their attendance at the depositions. Moreover, several of the third parties served written objections on Non-Movant raising both scheduling issues and deficiencies in the service of process. *See e.g.,* Supp. Kane Decl. at ¶¶ 3-5 (Letter from American Russian Chamber alleging improper service as the entity is located in Illinois, Letter from U.S. Mexico Chamber alleging insufficient service based on service on an intern, Letter from U.S. – Azerbaijan Chamber objecting to the return date based on unavailability.). Non-Movant created its own crisis by waiting until the last minute to subpoena the third parties. Movant's actions, with respect to its proper motion to quash the *duces tecum* portion of Non-Movant's subpoenas, did not prevent the depositions from going forward nor from preventing Non-Movant to present its testimony.

As Judge McKenna made clear in his opinion—and as cannot be disputed regardless; *see Open. Br.* at pp. 6-8—Non-Movant is attempting to use "trial" subpoenas (such as those before this Court) in an improper attempt to seek discovery. *Order*, p. 2 ("The document production portions of the subpoenas … appear to be an attempt to obtain discovery. They call for quantities of a number of descriptions of documents which it is really difficult to imagine being offered in evidence in bulk, and, more importantly and a clear indication of intent, they seek production of the documents not at, but in advance of, the depositions."). The court agreed, however, that a party cannot use the vehicle of a court-issued subpoena to obtain that which it could not properly obtain pursuant to the rules governing the action referenced in the subpoena—such as seeking discovery beyond the period allowed under the rules and scheduling order of the U.S. Patent and Trademark Office's Trademark Trial and Appeal Board (TTAB). *See id.* at 3. As such, pursuant to 35 U.S.C. § 24, the New York court held that it had jurisdiction to police the subpoenas. *Id.*[2]

In fact, the district court that issues a subpoena that references a TTAB action has the *exclusive* jurisdiction to adjudicate the propriety of the subpoenas it issues, even though the subpoena may touches on matters such as discovery in the administrative proceeding. *See, e.g.*, 35 U.S.C. § 24; *Babcock & Wilcox Co. v. Foster Wheeler Corp.*, 432 F.2d 385, 387 (3d Cir.

---

[2]     Despite Non-Movant's arguments to the contrary, the S.D.N.Y. Order was proper. Non-Movant did have the opportunity to present its standing and jurisdictional arguments to the S.D.N.Y. during oral arguments as well as by submitting a letter with much of the case law cited in Non-Movant's opposition filed in this Court. The S.D.N.Y. reserved judgment from the bench and waited until after receiving Non-Movant's letter before it rendered its judgment. And in fact, the *Order* explicitly addressed Non-Movant's arguments and found it did have jurisdiction pursuant to 35 U.S.C. § 24 and that standing existed to challenge the facially invalid subpoenas. *See Order* at p.3.
     Non-Movant incorrectly characterizes the E.D. Va ruling as a conflicting decision. Rather that court held the motion to quash moot in view of the fact that the third party subpoenaed from that court had already produced all documents pursuant to the first four categories of documents noticed and that Non-Movant was without recourse to seek more documents in those categories. Non-Movant then agreed on the record to withdraw the fifth document request which it admitted sought discovery. Thus, the issue of quashing that particular document production was moot. However, as can clearly be seen from the record in the E.D. Va. case, even Non-Movant admitted it was improperly seeking discovery.

1970) ("The determination of the question of whether or not discovery is permitted under the provisions of 35 U.S.C. § 24 is within the sole jurisdiction of the United States District Court.") *citing Campbell v. Gilby*, 146 U.S.P.Q. 723, 725 (Bd. Pat. App. Int. 1965); *Lie & Fung Ltd. v. L.W. Loyd Co.*, 143 U.S.P.Q. 117, 118-119 (E.D. Tenn. 1964). Further, it almost goes without saying that a court has the inherent authority to control any subpoenas a party causes to be issued under the court's auspices. *See, e.g., Matter of Certain Complaints Under Investigation,* 783 F.2d 1488, 1496 (11th Cir. 1986) ("Once that authority is invoked by service of the subpoena, the court under whose seal the subpoena was issued must have jurisdiction to enforce its subpoena and vindicate its own process."); *U.S. v. International Business Machines Corp.*, 406 F. Supp. 175, 178 (S.D.N.Y. 1975). If not, a court would be put in the untenable position of having to allow parties to use the implicit "threat" of court sanctions to force compliance by a third party with a subpoena even though the court (and the litigants) all knew that the subpoena is improper and facially defective, such as when it seeks discovery outside of the discovery period (or, for that matter, when it seeks testimony outside of the testimony period).

Applicant's reliance on *In re Subpoena Served On Rum Marketing Int'l, Ltd.*, 2007 WL 2702206 (S.D. Fla. 2007) to suggest otherwise is misplaced. By statute, rule, and policy, the TTAB does not have jurisdiction over subpoenas issued from district courts. *See* 35 U.S.C. § 24; *Luehrmann v. Kwik Kopy Corp.* 2 U.S.P.Q.2d 1303, 1306 n.3 (T.T.A.B. 1987); Supp. Kane Decl. ¶6 (*Trademark Trial and Appeal Board Manual of Procedure*, § 404.03(a)(2)). Nor could Movant properly seek a protective order from the Board as Non-Movant suggests, even assuming that the Board had the capacity (which it does not) to rule on such motions on an expedited basis. The Board has unequivocally stated that it lacks jurisdiction to issue a protective order relating to a subpoena issued by a court under 35 U.S.C. § 24. *See e.g.*, *In Re Application of Johnson &*

*Johnson*, 59 F.R.D. 174, 176 (D. Del. 1973) (noting that the TTAB denied a motion for a

protective order on the ground that "only the court issuing the subpoenas had the power to grant

the relief sought.")  Rather, as the judicial body issuing the improper subpoena, only this Court

has the jurisdiction to police abuses of its own processes.


**II.     Movant Has Standing To Move To Quash**
        **a Facially Defective "Discovery" Subpoena**

Non-Movant separately argues (as it did in New York) that Movant lacks standing to

object to Non-Movant's use of a facially defective subpoena to reopen discovery in complete

disregard for the existing trial schedule, and without any approval from the TTAB.  Once again,

though, this argument has been rejected, *see Order*, p. 3, and with good reason.

As the New York court noted, Non-Movant's actions in *sua sponte* attempting to reopen

discovery eighteen months after it closed (and, notably, *after* Movant put on its trial testimony!),

is not akin to the normal situation where a subpoenaed party seeks to quash a discovery subpoena

based upon some personal right under Fed. R. Civ. Pro. 45, such as confidentiality.  *See id.*

Rather, Non-Movant is attempting to issue subpoenas even though, under the procedural posture

of the underlying action (where discovery has already closed), it lacks the authority to do so, thus

rendering the subpoenas void *ab initio*.  Thus, Movant has a legitimate interest in making sure

that the rules and schedule of the TTAB were not circumvented and in ensuring that third parties

are not unfairly forced to produce documents under the illegitimate threat of court sanction.

Moreover, Movant has already presented its case-in-chief in the administrative proceeding[3], and to allow Non-Movant to now obtain further discovery for its opposition case would fundamentally prejudice Movant.  In addition, there exists no mechanism within the Trademark Trial and Appeal Board to seek recourse.  Amazingly, Non-Movant argues that the only way for this Court to quash these subpoenas is if the third parties who are operating under fear of sanction have enough familiarity with TTAB case law and the current posture of the underlying administrative action to realize that Non-Movant is abusing the system.  Such a position is unsupportable, especially when one accepts (as has been established; *see Order*, p. 2) that the document portions of the subpoenas are thinly-veiled attempts at late discovery.

Seeking discovery through a trial subpoena, of course, is improper, as Non-Movant knows full well.  Courts have repeatedly prevent parties from using "trial" subpoenas to obtain discovery beyond the discovery period, including in TTAB actions.  *See, e.g., McKay v. Triborough Bridge and Tunnel Authority*, 2007 WL 3275918, *2, n.2 (S.D.N.Y. 2007) ("[W]hile the subpoena seeks the production of documents defendants *may* introduce as trial exhibits, the scope of the request is broad and clearly is designed for discovery, not last-minute trial needs.") (citations omitted) (attached to *Kane Decl*, ¶ 8, Ex. I); *Dodson v. CBS Broad.,* 2005 U.S. Dist. LEXIS 30126, 3-4 (S.D.N.Y. 2005) ("[Plaintiff's] subpoena clearly seeks discovery, as is apparent from his having the subpoena returnable to his address in New Jersey at the present time, instead of to Judge Wood's courtroom at the time of trial.  Moreover, the scope of the request is broad and clearly is designed for discovery, not last-minute trial needs (such as for originals of documents where copies were produced in discovery and there is a need for the

---

[3]  In a TTAB proceeding, "trial" is conducted on the papers, and Movant put on all of its testimony last summer (such as by calling witnesses for trial depositions).  The parties were in the middle of Non-Movant's "testimony period" (which closed on Feb. 28th) when Non-Movant served its discovery subpoenas *duces tecum*.

original at trial) … Rule 45 "trial subpoenas duces tecum may not be used … as means to engage in discovery after the discovery deadline has passed."); *Lie & Fung Ltd. v. L.W. Loyd Co.*, 143 U.S.P.Q. 117, 118-119 (E.D. Tenn. 1964); *McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584, 588 (W.D.N.Y. 1995). And here, as in the cited cases, Non-Movant seeks broad discovery requests that should have been served during the discovery period.

However, rather than approach the TTAB to reopen discovery (which would have been denied) [4], Non-Movant seeks to evade the scheduling order by serving discovery subpoenas on third parties and then crying "foul" when Movant seeks to require that the parties adhere to the Board's schedule by opposing such a facially invalid subpoena. *Id*. The Court should not countenance such an blatant end run around the TTAB's discovery procedures.

Moreover, even if Movant lacked standing to quash the subpoena, it would nonetheless have standing to seek a protective order from the Court pursuant to Fed. R. Civ. Pro. 26. *See e.g., Arlott v. Arledge*, 2007 WL 708624, *1 (S.D. Miss. 2007) (*see* Supp. Kane Decl. ¶7). As such, the formalistic basis of Non-Movant's opposition is unwarranted.

Further, it should be noted that none of the cases Non-Movant cites relates to a subpoena issued for *trial* or for *trial* testimony. Rather, all of the cases cited pertained to discovery that was being sought <u>during the relevant—and still *open*—discovery period</u>, and the issues raised on the motions to quash all had to do with the nature of the material request (or the sufficiency of

---

[4] Despite Non-Movant's comment, the Board never foreclosed Non-Movant from filing any further discovery motions. The Board Order Non-Movant refers to relates to a different proceeding, namely Cancellation No. 92/045,876 between Movant and the United States Hispanic Chamber of Commerce (an affiliate of Non-Movant "U.S. Hispanic"). The order related to a motion for sanctions filed against U.S. Hispanic for failure to comply with a Board Order compelling discovery. Therein, the Board promised sanctions against U.S. Hispanic should it fail to comply within thirty days. Of course, whether the Board did nor did not foreclose Non-Movant from filing any discovery motion, is irrelevant to the fact that no motion was filed, discovery has long been closed, and the subpoenas are improper evasion of the Board Schedule.

notice, etc.).  *See e.g., In Re Application of FB Foods, Inc.*, 2005 WL 2875366 (S.D.N.Y. 2005).

Here however, Movant is seeking to quash a discovery subpoena masquerading as a trial

subpoena, which Non-Movant issue almost a year and a half after discovery closed.

     The circumstances of the present dispute are thus fundamentally different from those

where a party seeks to interfere with their opponent's discovery during the proper discovery

period without having a personal interest in the documents being produced.  In the present trial

setting, Movant has a real and compelling interest, namely preventing Non-Movant from *sua

sponte* reopening the discovery period (and bypassing the TTAB) and from using documents

produced by third parties under threat of court sanction as evidence *after* Movant's case-in-chief

has closed, and without affording Movant any opportunity to conduct its own discovery, either as

relates to the newly-produced discovery material or for purposes of rebutting it.  In such a

setting, courts have in fact granted motions to quash subpoenas of a third party.  *See e.g.*, *Order*

(decision of New York court); *Grant v. Otis Elevator Co.*, 199 F.R.D. 673, 675 (N.D. Okla.

2001) (granting plaintiff's motion to quash subpoena *duces tecum* of third party after the close of

discovery);  *Alper v. United States*, 190 F.R.D. 281, 283 (D. Mass. 2000).


### III.  The Topics Noticed Are Broad Discovery Requests

     Finally, although this issue has already been decided, *see Order*, p. 2, there can be no

serious argument that the document requests that Non-Movant has served through its subpoena

*duces tecum* seek discovery.  Tellingly, Non-Movant does not merely seek the production of

specific documents to clarify or validate prior testimony, nor it is looking to obtain originals of

material previously identified (like identified sales figures) that may refresh a witness's memory

about a specific event or fact (in fact, Non-Movant evidently has no idea *what* sort of documents

the third parties may produce as no discovery was ever taken of these parties).  Rather, a simple

review of Non-Movant's requests shows that it is fishing and hoping to find information about a broad array of topics about which Non-Movant presently has no knowledge—the very definition of discovery. *See e.g.*, Request No. 5 on Schedule B of the subpoena (attached to Kane Decl., Ex. F) ("Letters, emails, or the like reflecting communications with the U.S. Chamber of Commerce, membership in the U.S. Chamber of Commerce, or any agreements or licenses with the U.S. Chamber of Commerce."). Had Non-Movant sought specifically identified and limited documents for, *e.g.,* purposes of having the "best evidence" or for substantiating information in the possession of Non-Movant, then arguably their requests would not have been improper. However, that is not the case here.

Non-Movant's arguments related to the other categories of documents seeking "representative samples" is unavailing. That Non-Movant only sought "representative samples" simply avoids the request from arguably being burdensome as calling for too many total documents (although the range of categories of documents certainly still would raise concerns about overbreadth). However, the issue is not burden or breadth, it is propriety. As the New York court held, the subpoenas at issue clearly seek discovery. *Order*, p. 2 ("The document production portions of the subpoenas … call for quantities of a number of descriptions of documents which it is really difficult to imagine being offered in evidence in bulk, and, more importantly and a clear indication of intent, they seek production of the documents not at, but in advance of, the depositions."). This Court should similarly agree and quash the subpoena.

## CONCLUSION

Non-Movant seeks to end run the discovery process by using a trial subpoena to seek discovery from third parties who are not aware that the subpoena powers of this Court are being abused.  Such a process is fundamentally unfair, and Non-Movant should not be permitted to benefit from its flaunting of the TTAB rules.  Given the prejudice that would result to Movant's case if Non-Movant could avoid the TTAB's discovery schedule, Movant has a compelling interest in seeking to quash this subpoena or in the alternative for a protective order.  As this Court has the exclusive authority to adjudicate issues relating to the subpoenas issued from it, the Court should quash Non-Movant's subpoena as relates to document production, or in the alternative enter a protective order limiting the subpoena to trial testimony.

Respectfully submitted,

KENYON & KENYON LLP

Date:   March 11, 2008               By:   /s/ Erik C. Kane

Edward T. Colbert (Bar No. 206425)
Erik C. Kane (Bar No. 495156)
KENYON & KENYON LLP
1500 K Street, N.W.; Suite 700
Washington, D.C.  20005
Tel.: (202) 220 – 4200
Fax:  (202) 220 – 4201
ekane@kenyon.com
wmerone@kenyon.com

*Counsel for Movant, The Chamber of Commerce of the United States of America*

11

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of March 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Stephen L. Neal, Jr.
Carly N. Van Orman
MANATT PHELPS & PHILLIPS, LLP
700 12th Street, N.W.
Suite 1100
Washington, DC 20005

And I hereby certify that on March 11, 2008, I caused a true and correct copy of the foregoing memorandum to be served by overnight courier upon the following counsel and parties, as set forth below:

Stephen L. Neal, Jr.
Carly N. Van Orman
MANATT PHELPS & PHILLIPS, LLP
700 12th Street, N.W.
Suite 1100
Washington, DC 20005

The U.S.-Women's Chamber of Commerce
1200 G. Street, N.W., Suite 800
Washington, D.C. 20005

_____/s/ Erik C. Kane_____
Edward T. Colbert (Bar No. 206425)
Erik C. Kane (Bar No. 495156)
KENYON & KENYON LLP
1500 K Street, N.W.; Suite 700
Washington, D.C.  20005
Tel.: (202) 220 – 4200
Fax:  (202) 220 – 4201
ekane@kenyon.com

*Counsel for Movant, The Chamber of Commerce of the United States of America*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA<br><br>*Movant,*<br><br>v.<br><br>UNITED STATES HISPANIC CHAMBER OF COMMERCE FOUNDATION,<br><br>*Non-Movant.* | Civil Action No. 1:08mc00076(HHK)<br><br>United States Patent and Trademark Office<br>Trademark Trial and Appeal Board<br>Opposition No.: 91/156,321<br>Serial No.: 78/081,731 |

**SUPPLEMENTAL DECLARATION OF ERIK C. KANE**

ERIK C. KANE, under penalty of perjury, declares as follows:

1.    I am an associate with the law firm of Kenyon & Kenyon LLP, which represents Movant The Chamber of Commerce of the United States of America ("U.S. Chamber") in this matter. I make this declaration in support of U.S. Chamber's Motion to Quash Trial Testimony Subpoena Duces Tecum of The U.S.-Women's Chamber of Commerce.

2.    Attached as Exhibit A is a true and correct copy of the Order rendered on February 21, 2008 in *The Chamber of Commerce of the United States of America v. United States Hispanic Chamber of Commerce Foundation, Order*, Misc. No. M-8-85 (S.D.N.Y. Feb. 21, 2008).

3.    Attached as Exhibit B is a true and correct copy of a February 21, 2008 letter received by counsel for Movant from The American Russian Chamber of Commerce and Industry addressed to Andrew Eliseev, counsel for Non-Movant.

4.    Attached as Exhibit C is a true and correct copy of a February 22, 2008 letter received by counsel for Movant from the U.S. Mexico Chamber of Commerce addressed to Jill Pietrini, counsel for Non-Movant.

5.    Attached as Exhibit D is a true and correct copy of February 21, 2008 letter received by counsel for Movant from the United States-Azerbaijan Chamber of Commerce, Inc. addressed to Andrew Eliseev, counsel for Non-Movant.

6.    Attached as Exhibit E is a true and correct copy of *Trademark Trial and Appeal Board Manual of Procedure*, § 404.03(a).

7.    Attached as Exhibit F is a true and correct copy of *Arlott v. Arledge*, 2007 WL 708624 (S.D.Miss. 2007).

Dated: March 11, 2008

_____
Erik C. Kane

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

THE CHAMBER OF COMMERCE OF THE          :
UNITED STATES OF AMERICA,
                                        :
                Opposer,                        M-8-85
                                        :
            - v -                       :       MEMORANDUM AND ORDER
                                        :
UNITED STATES HISPANIC CHAMBER OF
COMMERCE FOUNDATION,                    :
                                        :
                Applicant.              :

------------------------------------x

McKENNA, D.J.,

        Opposer and Applicant are presently engaged in a
proceeding before the United States Patent and Trademark Office
Trademark Trial and Appeal Board ("TTAB").  Opposer moves for an
order quashing five subpoenas duces tecum issued in this district
to third parties.

        Some features of procedure before the TTAB must first be
summarized.  Proceedings before the TTAB are "in large part"
governed by the Federal Rules of Civil Procedure.  (TTAB Manual of
Procedure ("TBMP"), Sections 101.01, 101.02.  See also 37 CFR,
Ch. I, Part 2, § 2.116(a).)[1]  The TTAB sets opening and closing
dates for the taking of discovery.  (TBMP Section 403.1.)  The
discovery period expired more than 18 months ago.  (Opposer's Mem.,
Feb. 13, 2008, at 5.)  The TTAB proceeding is now within the post-

---

        [1] Excerpts from the TBMP are annexed as Exhibit G to the Declaration
of Brad Behar, dated February 13, 2008.

COPIES MAILED TO COUNSEL FEB 2 1 2008

discovery period during which Applicant may offer testimony (which is done before the TTAB by filing transcripts of depositions).[2]

Applicant has caused five subpoenas to be issued in this district pursuant to Fed. R. Civ. P. 45 dated February 8, 2008, for depositions to be held on February 27 and 28, 2008, and documents described in categories to be produced in advance, on February 22, 2008.

Opposer claims that the subpoenas seek discovery, prohibited by the TTAB rules. Opposer does not object to the oral depositions of representatives of the subpoenaed parties.

The document production portions of the subpoenas, however, appear to be an attempt to obtain discovery. They call for quantities of a number of descriptions of documents which it is really difficult to imagine being offered in evidence in bulk, and, more importantly and a clear indication of intent, they seek production of the documents not at, but in advance of, the depositions.

Applicant argues that Opposer does not have standing to bring the present motion and that this Court does not have jurisdiction over this dispute (Sheehan Letter to Court, Feb. 20, 2008, at 1), on the ground that "the Movant is not in the possession of the requested documents, and does not allege any

---

[2] See Amended Stipulated Motion for Extension of Time, at 2 (Behar Decl., Feb. 13, 2008, Exh. D), granted by the TTAB in a communication dated Oct. 2, 2007. (Id. Exh. E.)

privilege or legitimate personal right that should be enforced to prevent the subpoenaed party from violating that privilege or right." (Id. (citations omitted).) That may be true in the usual subpoena to a third party situation, but the present situation is different.

Here, the complaint about the subpoenas is that they seek relief not permitted by the TTAB at this time.[3] Applicant has not suggested that the TTAB itself has any mechanism for providing a ruling on Opposer's position. Relief, rather, was properly sought in this Court. See 35 U.S.C. § 24.

Opposer's motion to quash the subpoenas is granted as to the subpoenas' document production provisions, but otherwise denied.

SO ORDERED.

Dated:  February 21, 2008

_____
Lawrence M. McKenna
U.S.D.J.
Part I

---

[3] It does not appear that Applicant has sought to obtain a change in the TTAB schedule, which this Court does not have authority to grant.

# Exhibit B

# ALEXANDER DUKOR & ASSOCIATES, P.C.
## Attorney at Law
1425 McHenry Rd., Suite 104, Buffalo Grove, IL 60089
Tel (312) 375-5560  Fax (847) 883-0007

---

**FAX TRANSMISSION to 310.312.4224, 202.220.4201**

February 21, 2008

Mr. Andrew Eliseev
Manatt, Phelps & Phillips, LLP
11355 W. Olympic Boulevard,
Los Angeles, CA 90064

CC: Mr. Erik C. Kane 202.220.4201

RE: Subpoena to American Russian Chamber of Commerce and
    Industry ("ARCCI").

Dear Mr. Eliseev,

I have left you the message on February 19, 2008 and I
have not heard from you. I have also received the copy of
the fax from Mr. Kane. The following is our response.

1. The subpoena was not served on ARCCI. There is no
   jurisdiction for service of subpoena on ARCCI in
   Washington DC. Rule 45(b)(2) allows service of
   subpoena: (A) within the district of the issuing
   court; (B) outside that district but within 100
   miles of the place specified for the deposition,
   hearing, trial, production, or inspection; (C)
   within the state of the issuing court if a state
   statute or court rule allows service at that place
   of a subpoena issued by a state court of general
   jurisdiction sitting in the place specified for the
   deposition, hearing, trial, production, or
   inspection; or (D) that the court authorizes on
   motion and for good cause, if a federal statute so
   provides. ARCCI is registered in Illinois as a non-
   for-profit corporation and that is where its
   registered agent is located. Your representative
   delivered the subpoena to Regus located at 1101
   Pennsylvania Avenue, NW, Washington DC. Regus is
   the company providing phone answering services and
   meetings rooms on request basis but it does not
   provide registered office address for ARCCI. ARCCI
   can use Regus as the place to hold meetings when
   its employees or officers are in Washington DC but

### ALEXANDER DUKOR & ASSOCIATES, P.C.
#### Attorney at Law
1425 McHenry Rd., Suite 104, Buffalo Grove, IL 60089
Tel(312)375-5560  Fax(847)883-0007

---

it has no employees working at this address. Furthermore, when your representative brought the subpoena to Regus, the employee of Regus notified your representative that it can not and will not accept the subpoena on behalf of ARCCI. Your representative left it there anyway; however, it has not been accepted and has not been signed. I have attached the letter from Ms. Kelley Barnes, General Manager for Regus explaining why Regus can not accept any service of legal documents.

2. The subpoena if it would be served would place undue burden and expense on the small not-for-profit organization that is ARCCI in violation of Federal Civil Procedure Rule 45(3)(a)(iv). ARCCI does not keep archives and has no budget for producing large volume of documentation you are asking for. We are also in agreement with Mr. Kane that subpoena duces tecum was improper to the third party having no relationship whatsoever to the litigation in this case.

3. Finally, ARCCI officer would not be able to attend the deposition you have requested due to prior commitments.

Very Truly Yours,

Alexander Dukor, Esq.

AD/tl

Enclosure: Regus Letter.

**Regus**

February 20, 2008

Helen Teplitskaia
President
American-Russian Chamber of Commerce & Industry
Aon Center
200 E. Randolph St., Suite 2200
Chicago, IL 60601 USA

RE: Virtual Office Agreement/Non-Registered Agent

Dear Helen,

Per the terms and conditions of your Virtual Office Agreement with Regus White House (Evening Star), the service offerings entitle you to phone answering services and use of the center's business address. This service, however, does not entitle your firm to utilize the center as your registered office address. As such, Regus team members cannot act as a client's registered agent and are not permitted to serve on behalf of a client in matters requiring acceptance and signature on legal documents. Regus acknowledges that you do not have any employees that office out of our center address on a full time basis. In the above noted cases, we will make every attempt to notify you of such deliveries. If we are not able to reach you, the delivery will be rejected and serving agent asked to follow up at a later date.

For any additional questions, please feel free to contact me directly.

Kindest regards,

*Kelley Barnes*

Kelley Barnes
General Manager
Regus White House (Evening Star)
1101 Pennsylvania Avenue, NW
5th – 7th Floors
Washington, D.C. 20004
T: (202)756-4593
Kelley.Barnes@regus.com

# Exhibit C



1775 I Street, N.W.
Washington, DC 20006-2401
+1 202 261 3300 Main
+1 202 261 3333 Fax
www.dechert.com

ERIK BERTIN

erik.bertin@dechert.com
+1 202 261 3407 Direct
+1 202 261 3107 Fax

February 22, 2008

**VIA EMAIL AND FACSIMILE**

Jill M. Pietrini
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064

Re: *The Chamber of Commerce of the United States of America v. United States Hispanic Chamber of Commerce* (Cancellation No. 92/045,876)

Dear Jill:

As you know, our firm represents the U.S. Mexico Chamber of Commerce.

I understand that you would like to depose our client as a non-party witness in this proceeding, and that the deposition is scheduled to take place at your offices in Washington, DC on February 25th. I also understand that you would like our client to produce certain documents in advance of this deposition.

You claim that you served our client with a subpoena on February 12th, and that this subpoena was accepted by Ms. Adriani Gil. As I mentioned over the phone, Ms. Gil is merely an intern, and as such, she is not authorized to accept service on behalf of the U.S. Mexico Chamber of Commerce. Moreover, I have been told that Ms. Gil has no recollection of having signed or received the subpoena that you describe.

Because your subpoena has not been properly served, our client has no obligation to appear for your deposition or to respond to your document requests. *See, e.g., Morfessis v. Marvin's Credit, Inc.*, 77 A.2d 178, 180 (D.C. 1950) ( status as secretary and sole office employee did not establish agency to receive service of process for employer); *Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. App. 1983) ("A receptionist in one's office, even if authorized to sign for and open all of the mail, is not necessarily authorized to accept service of process.").

US Austin Boston Charlotte Hartford New York Newport Beach Philadelphia Princeton San Francisco Silicon Valley Washington DC
EUROPE Brussels London Luxembourg Munich Paris ASIA Hong Kong



Jill M. Pietrini
February 22, 2008
Page 2

That having been said, the President of the U.S. Mexico Foundation Chamber of Commerce, Mr. Al Zapanta, would be willing to appear voluntarily for a testimonial deposition, subject to the following conditions:

- The deposition must be held at our offices in Washington, DC. Mr. Zapanta would be available on Wednesday, February 27th at 2:00 p.m., and it is my understanding that the deposition would last for roughly one hour.

- Because your subpoena has not been properly served, our client declines to produce the documents that you have requested. If you need additional information concerning the U.S. Mexico Chamber of Commerce, I invite you to visit our client's website, which is located at http://www.usmcoc.org/. I should also point out that counsel for the Petitioner in this case has filed a motion to quash your subpoena to the extent that it would require the U.S. Mexico Chamber of Commerce to produce certain documents, and as far as I know, the U.S. District Court has not yet ruled on this motion.

I will be in our Philadelphia office on Monday, but you can reach me via email or on my cell phone at (703) 585-3792. I look forward to hearing from you.

Sincerely,

Erik Bertin

Erik Bertin

cc:    Erik C. Kane
       Kenyon & Kenyon LLP
       1500 K Street NW, Suite 700
       Washington, DC 20005-1257

# Exhibit D

**BAKER BOTTS** LLP

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL +1 202.639.7700
FAX +1 202.639.7890
www.bakerbotts.com

AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
RIYADH
**WASHINGTON**

February 21, 2008

Michael LiCalsi
TEL +1 (202) 639-7763
FAX +1 (202) 585-1014
Michael.LiCalsi@BakerBotts.com

Mr. Andrew Eliseev
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614

Dear Mr. Eliseev:

I respond on behalf of the United States-Azerbaijan Chamber of Commerce, Inc. ("USACC") to a subpoena dated February 8, 2008, issued by the United States-Hispanic Chamber of Commerce Foundation (the "Subpoena"). The Subpoena requests that the USACC produce documents by February 22, 2008, and that a representative of the USACC give deposition testimony on February 27, 2008. The USACC hereby objects to the terms of the Subpoena as noticed, and reserves all rights and defenses, including specifically sufficiency of service. Nonetheless, the USACC is willing to work with you to provide the information requested by the Subpoena on a reasonable schedule that is manageable for the USACC.

The USACC is a very small organization staffed by only one full time employee and three interns, all whom are currently overwhelmed by pressing business concerns – the most important of which is a February 28, 2008 publication deadline. Under such circumstances, the USACC is not able to produce responsive documents by the February 22, 2008 return date set forth in the Subpoena.

In addition, the individual who will testify on behalf of the USACC is traveling outside of the District of Columbia, and is unavailable to testify until the week of March 3, 2008. Accordingly, the USACC is not able to appear at the deposition noticed for February 27, 2008.

Please feel free to contact me to discuss a reasonable modification to the terms set forth in the Subpoena. If I do not hear from you by 5:00 p.m. (Eastern Standard Time). On Monday, February 25, 2008, I will assume that you agree to an extension of the deadlines set forth in the subpoena.

Sincerely,

Michael LiCalsi

DC01:493816.3

# Exhibit E

# TRADEMARK TRIAL AND APPEAL BOARD MANUAL OF PROCEDURE (TBMP)

**Second Edition**

June 2003

Revision 1
March 2004

**United States Patent and Trademark Office**

# Chapter 400
# DISCOVERY

*For information concerning limitations on the right to discovery, see TBMP § 402.02.*

## 404.03  Place of Deposition; Oral or Written Deposition; Securing Attendance of Deponent

### 404.03(a)  Person Residing in the United States – In General

**37 CFR § 2.120(b) Discovery deposition within the United States.**
*The deposition of a natural person shall be taken in the Federal judicial district where the person resides or is regularly employed or at any place on which the parties agree by stipulation. ...*

The discovery deposition of a person shall be taken in the Federal judicial district where the person resides or is regularly employed or at any place on which the parties agree by stipulation.[43]  The deposition may be taken either orally, or on written questions in the manner described in 37 CFR § 2.124.[44]

#### 404.03(a)(1)  Person Residing in United States – Party

If a proposed deponent residing in the United States is a party, or, at the time set for the taking of the deposition, is an officer, director, or managing agent of a party, or a person designated under Fed. R. Civ. P. 30(b)(6) or 31(a)(3) to testify on behalf of a party, the deposition may be taken on notice alone.[45]

#### 404.03(a)(2)  Person Residing in United States – Nonparty

**37 CFR § 2.120(b) Discovery deposition within the United States.**
*... The responsibility rests wholly with the party taking discovery to secure the attendance of a proposed deponent other than a party or anyone who, at the time set for the taking of the deposition, is an officer, director, or managing agent of a*

---

[43]  *See Jain v. Ramparts Inc.*, 49 USPQ2d 1429, 1431 (TTAB 1998) (general rule in Federal district court that a plaintiff is required to make itself available for examination in district where suit is brought does not apply in Board proceedings).

[44]  *See* Fed. R. Civ. P. 26(a)(5), 30, and 31.  *For information on the taking of a discovery deposition on written questions, see* TBMP § 404.07.

[45]  *See* 37 CFR § 2.120(b); Fed. R. Civ. P. 30(b); *Consolidated Foods Corp. v. Ferro Corp.*, 189 USPQ 582, 583 (TTAB 1976); and Rany L. Simms, *TIPS FROM THE TTAB:  Compelling the Attendance of a Witness in Proceedings Before the Board*, 75 Trademark Rep. 296 (1985).  *For information concerning notices of deposition, see* TBMP § 404.05.  *For information concerning testimonial depositions of adverse witnesses residing in United States, see* TBMP § 703.01(f)(2).

**Chapter 400
DISCOVERY**

*party, or a person designated under Rule 30(b)(6) or Rule 31(a) of the Federal Rules of Civil Procedure.*

If a proposed deponent residing in the United States is not a party, or a person who, at the time set for the taking of the deposition, is an officer, director, or managing agent of a party, or a person designated under Fed. R. Civ. P. 30(b)(6) or 31(a)(3) to testify on behalf of a party, the responsibility rests wholly with the deposing party to secure the attendance of the proposed deponent.[46] If the proposed deponent is not willing to appear voluntarily, the deposing party must secure the deponent's attendance by subpoena, pursuant to 35 U.S.C. § 24 and Fed. R. Civ. P. 45.[47] The subpoena must be issued from the United States district court in the Federal judicial district where the deponent resides or is regularly employed.[48]

If a person named in a subpoena compelling attendance at a discovery deposition fails to attend the deposition, or refuses to answer a question propounded at the deposition, the deposing party must seek enforcement from the United States District Court that issued the subpoena; the Board has no jurisdiction over such depositions.[49]

---

[46] *See* 37 CFR § 2.120(b).

[47] *See Kellogg Co. v. New Generation Foods Inc.,* 6 USPQ2d 2045, 2048-49 (TTAB 1988) (deposition of former employee can only be taken by voluntary appearance or by subpoena); Saul Lefkowitz and Janet E. Rice, *Adversary Proceedings Before the Trademark Trial and Appeal Board,* 75 Trademark Rep. 323, 383-384 (1985); Rany L. Simms, *TIPS FROM THE TTAB: Compelling the Attendance of a Witness in Proceedings Before the Board,* 75 Trademark Rep. 296 (1985); and Fed. R. Civ. P. 30(a)(1) and 45.
   *Cf., regarding testimony depositions, Health-Tex Inc. v. Okabashi (U.S.) Corp.,* 18 USPQ2d 1409, 1410 (TTAB 1990) (testimony deposition on written questions of adverse party); *Consolidated Foods Corp. v. Ferro Corp.,* 189 USPQ 582, 583 (TTAB 1976) (testimony deposition of adverse witness); and TBMP § 703.01(f)(2) (Unwilling Witness Residing in U.S.).

[48] *See generally* cases cited in preceding footnote.

[49] *See, for example, Luehrmann v. Kwik Kopy Corp.,* 2 USPQ2d 1303, 1304 n.3 (TTAB 1987) (motion to quash subpoenaed third-party depositions due to scheduling problems denied). *See also In re Johnson & Johnson,* 59 F.R.D. 174, 178 USPQ 201 (D.Del. 1973); *PRD Electronics Inc. v. Pacific Roller Die Co.,* 169 USPQ 318 (TTAB 1971); Saul Lefkowitz and Janet E. Rice, *Adversary Proceedings Before the Trademark Trial and Appeal Board, supra* and Rany L. Simms, *TIPS FROM THE TTAB: Compelling the Attendance of a Witness in Proceedings Before the Board, supra.*

# Exhibit F

Westlaw.

Slip Copy                                                                                      Page 1
Slip Copy, 2007 WL 708624 (S.D.Miss.)
**(Cite as: Slip Copy)**

**H**
Arlott v. Arledge
S.D.Miss.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. Missis-
sippi,Jackson Division.
Cheryl ARLOTT, individually and on behalf of a
class of all other persons similarly situated; Sue
Ann Kolarik, individually and on behalf of a class
of all other persons similarly situated and Sherry
Landriault, individually and on behalf of a class of
all other persons similarly situated, Plaintiffs
v.
Robert C. ARLEDGE; Michael T. Gallagher, Galla-
gher, Young, Lewis, Hampton & Downey, L.L.P;
Richard Schwartz and Schwartz and Associates,
P.A., Defendants.
**Civil Action No. 3:06CV303BA.**

March 2, 2007.

Christian Matthew Gerrard Hill, Christian Hill, At-
torney, Houston, TX, Donald Alan Windham,
Smith, Reeves & Yarborough, PLLC, Jackson, MS,
Michael G. Crow, The Crow Law Firm, LLC, New
Orleans, LA, for Plaintiffs.
Frank L. Parker, Jr., Parker & Rockwell, LLC, Mar-
garet McDowell Miller, Briskman & Binion, PC,
Mobile, AL, Jeffrey M. Tillotson, Christopher J.
Schwegmann, John D. Volney, Lynn, Tillotson &
Pinker, LLP, Dallas, TX, Katharine Deupree McK-
ee, Randi Peresich Mueller, Page, Mannino, Per-
esich & McDermott, PLLC, J. Wyatt Hazard,
Daniel, Coker, Horton & Bell, John A. Waits, Jack-
son, MS, Ronald G. Peresich, Page, Mannino, Per-
esich & McDermott, Biloxi, MS, for Defendants.

**_ORDER_**

LINDA R. ANDERSON, United States Magistrate
Judge.
**\*1** This matter came before the court on the
Defendant's Michael T. Gallagher and Gallagher
Law Firm, L.L.P.'s Motion to Quash or, in the Al-

ternative, Motion for Protective Order, by which
they seek an Order preventing the production of re-
cords sought by a subpoena issued by the Plaintiffs
to Wyeth Corporation, a non-party. The Motion is
not accompanied by the Certificate of Good Faith
required by Unif. Local R. 37.1(A), and, had the
court noted that deficiency earlier, the Motion
would have been denied on that ground, alone.
Since it was not noted, the court will address the
merits of the Motion.

An initial question raised by the Plaintiffs is
whether these Defendants have standing to oppose
the subpoena issued to third parties. The authority
for a motion to quash a subpoena comes from
Fed.R.Civ.P. 45(c), which is entitled "Protection of
Persons Subject to Subpoenas."This title would in-
dicate that only the person subject to a subpoena
has the authority to seek an order quashing it. In-
deed, the Fifth Circuit has held that a party does not
have standing to raise "the issue of [a non-party's]
amenability to the compulsory process of the dis-
trict court since they are not in possession of the
materials subpoenaed and have not alleged any per-
sonal right or privilege with respect to the materials
subpoenaed."_Brown v. Braddick,_ 595 F.2d 961, 967
(5th Cir.1979); _see also Garrett v. Blanton,_ No.
89-4367, 1993 WL 262697, at \*5, (E.D.La. July 6,
1993).

Here, the Defendants do not assert a personal
right or privilege with regard to the subpoenaed in-
formation. Instead, they claim undue burden and
confidentiality. The burden of production is not a
matter personal to the Defendants, and
"confidentiality" of the production does not amount
to a privilege. Therefore, the court will treat the
Motion as seeking a protective order. Fed.R.Civ.P.
26(c) permits a motion for a protective order to be
brought "by a party or by the person from whom
discovery is sought ... for good cause shown...." A
motion for a protective order in this circumstance
does not seek to vindicate a non-party's right to res-
ist the compulsory process of the court, but to vin-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy
Slip Copy, 2007 WL 708624 (S.D.Miss.)
**(Cite as: Slip Copy)**

dicate the rights of a party with respect to the discovery process.

Here, the Defendants argue that the discovery sought is outside the scope of the court's October 31, 2006, Order limiting discovery to that supporting the arguments on class certification. The court finds that this is a valid argument, as it goes to the issue of the scope of discovery that the parties can undertake at this stage of the litigation. In reviewing the Plaintiffs' response to the Motion, they make only one argument related to that issue, in connection with Request No. 1-"All documents evidencing any meeting with any of the following attorneys or their respective law firms: Robert C. Arledge, Michael T. Gallagher, Richard Schwartz or Joseph E. Roberts, Jr." In support of that request, the Plaintiffs state that these documents "are relevant to Plaintiffs' claims and the status of the putative class."Finding that these documents could support the Plaintiffs' claims with regard to class certification, the court will quash the subpoena with respect to all requests except this one.

*2 In making this ruling, however, the court is mindful that records may be produced in this matter that relate to other parties whose claims are not before the court. In particular, the court is concerned that medical or other personal information regarding plaintiffs involved in the underlying litigation may be produced at some point during this litigation. To the extent that the documents ordered to be produced here contain information regarding such plaintiffs, other than their names, that information should be redacted from the production.

IT IS, THEREFORE, ORDERED, that the Defendant's Michael T. Gallagher and Gallagher Law Firm, L.L.P.'s Motion to Quash or, in the Alternative, Motion for Protective Order is hereby **granted** in part and **denied** in part, as explained above.

S.D.Miss.,2007.
Arlott v. Arledge
Slip Copy, 2007 WL 708624 (S.D.Miss.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.