**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**THE CHAMBER OF COMMERCE OF THE**
**UNITED STATES OF AMERICA,**

     **Movant,**

     **v.**                          **08-mc-76 (HHK/JMF)**

**UNITED STATES HISPANIC CHAMBER**
**OF COMMERCE FOUNDATION,**

     **Non-Movant.**

---

**MEMORANDUM ORDER**

On April 11, 2003, the Chamber of Commerce of the United States of America ("US Chamber"), brought an administrative proceeding against the United States Hispanic Chamber of Commerce Foundation ("Hispanic Chamber") before the Trademark Trial and Appeal Board ("TTAB") of the U.S. Patent and Trademark Office, where the action is still pending. Memorandum in Support of Movant's Motion to Quash Trial Testimony Subpoena Duces Tecum ("MTQ") at 2. While Hispanic Chamber was in the middle of presenting its case to the TTAB, it served a subpoena *duces tecum*, issued by this Court, on a third party, the U. S. Women's Chamber of Commerce ("Women's Chamber"). Id.  In the motion currently before the Court, US Chamber seeks to quash that subpoena. Id.

As a general rule, a party does not have standing to move, under Rule 45 of the Federal Rules of Civil Procedure, to quash a subpoena issued to a non-party. Novak v. Capital Mgmt. & Dev. Corp., 241 F.R.D. 389, 394 (D.D.C. 2007); Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 22 (D.D.C. 2005); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

*Procedure* § 2459 (2d ed.1995).  If, however, the basis of the party's challenge to the subpoena

is the assertion that the party has a privilege or interest in the subpoenaed information, the party

may have standing. Washington v. Thurgood Marshall Acad., 230 F.R.D. at 22; Chiperas v.

Rubin, No. 96-CV-130, 1998 WL 765126, at *2 (D.D.C. Nov. 3, 1998) (citations omitted).

In the case before the Court, US Chamber seeks to quash the subpoena issued to third

party Women's Chamber on the grounds that Hispanic Chamber is attempting to use this Court's

subpoena power to reopen discovery in the case before the TTAB.  US Chamber, however, is not

the party to whom the subpoena was directed and makes no argument whatsoever as to any

privilege or interest in the subpoenaed materials.  Based on US Chamber's lack of standing with

regard to its motion to quash, it is therefore, hereby,

**ORDERED** that US Chamber's Motion to Quash Trial Testimony Subpoena Duces

Tecum [#1] is **GRANTED.**

**SO ORDERED.**

_____/S/_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

May 19, 2008

2